Catp.on, Ch. J.
delivered the opinion of the court.
In this cause it is assumed for the complainant: First. That the vendor of the lands has a lien for unpaid purchase money, and that this lien attaches to a purchaser of the estate from the vendee, if the purchaser had notice. 3 Con. Ch. Rep. Winter vs. Alson.
The position is true; the lien is in the nature of a mortgage, although the creature of equity, and the vendee *12 taking with notice, stands in the same condition of his ven(jQ1.
Second. That the statute of limitations does not com-menee operating until the right to enforce the claim and lien is complete, for which Angel on Limitations, 1S7, is cited.
This is true. 'But the first note due might have been enforced at law, or a bill in equity filed on it against the land on the foot of the lien, immediately when due, which was more than seven years before the bill was filed, and after Nicodemus, junior, had taken his deed and held seven years possession, which was continued to the filing of the bill. Title is claimed, and by this bill asserted to the lands sold, as upon a mortgage. The act of 1819, ch. 28, declares, that no suit at law or in equity shall be prosecuted to enforce any claim to lands but within seven years next after the cause of action accrued.
But third. It is insisted, the lien is an express trust, and the statute of limitations does not apply. The trust is implied, raised by the courts of equity, and within the operation of the statute, even between vendor and ven-dee. And did an express trust exist between them, the purchaser from the vendee would not be bound by it; he would hold as a trustee by implication, because of notice of the express trust. The claim to enforce the lien for the first note, due 1st November, 1824, is therefore barred.
Fourth. It is contended, that although part of the land was sold to Armstrong, who is no party, yet this matters nothing; the lien existing as to the whole land for the purchase money due, any part thereof may be sold to obtain satisfaction. This is certainly true as between’ vendor and vendee; and the purchaser from the vendee having taken his deed with notice, stands in the condition of .the vendee, which proves the position assumed.
The .lien for the two notes last due, therefore, exists unbarred, unless it be true that Sheratz parted with the *13 notes by assigning them to Hale, and by parting with his property therein, by consequence, abandoned his lien, This depends upon the fact, if it be true, that the notes were assigned, in such case the lien was abandoned, as was holden by this court in Crockett vs. Claiborne, 3 Yerg.Rep. The fact of the title of the notes being parted with by Sheratz, is neither alleged in the bill or stated in the answer, or either of them, and is therefore not in issue, though there is proof on the subject by Hale, yet the proof cannot be regarded, and probably could have no effect if it was. It follows, the complainant is entitled to enforce his lien as to the two last notes, to which end the decree must be reversed, and entered pursuant to the instructions herein contained. The complainant will pay the costs of the appeal.
Decree reversed.